Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000684
16-JUN-2014
08:20 AM

NO. CAAP-12-0000684

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICK J. FISHER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(Case No. 1DTA-11-04714)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Rick J. Fisher (Fisher) appeals from the Judgment entered on July 20, 2012, in the District Court of the First Circuit (District Court).[1] Fisher was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2013).[2] We affirm.

On appeal, Fisher argues that the District Court erred

---

[1] The Honorable Lono J. Lee presided.

[2] HRS § 291E-61(a)(3) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

    . . . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

in: (1) denying his motion to suppress the results of the breath test because he was asked while in custody whether he wanted to incriminate himself in the petty misdemeanor offense of refusing to take an alcohol test without being read his Miranda rights; (2) denying his motion to suppress the results of the breath test because he was misinformed of his statutory right to an attorney; (3) denying his motion to suppress the results of the breath test when the police informed him that he "shall" be subject to 30 days in jail for refusing; and (4) allowing the State of Hawai'i (the State) to amend the complaint.

With regard to Fisher's first three points, we recently rejected the same arguments in State v. Won, --- Hawai'i ---, --- P.3d ---, No. CAAP-12-0000858, 2014 WL 1270615 at *1 (App. Mar. 28, 2014). Based on Won, we conclude that the District Court properly denied Fisher's motion to suppress.

Fisher also argues that it was error for the District Court to allow the State to amend its complaint to comply with State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), that required that a state of mind be included in the charge under HRS § 291E-61(a)(1). Fisher argued in support of his motion that "the case must either be dismissed without prejudice, or the State must proceed on the [HRS § 291E-61](a)(3) charge alone." However, "HRS § 291E-61(a)(3) remains an absolute liability offense[,]" Nesmith at 60, 276 P.3d at 629, and Fisher was found to be in violation of both HRS § 291E-61(a)(1) and (a)(3). The Court in Nesmith also affirmed Nesmith's conviction for OVUII, holding that "HRS § 291E-61(a)(3) is an absolute liability offense for which no mens rea need be alleged or proven." Nesmith at 61, 276 P.3d at 630. Therefore, we need not decide whether the District Court erred in allowing amendment of the charge in this case, because the original charge under HRS § 291E-61(a)(3) was sufficient as originally charged and Fisher was found guilty of OVUII under HRS § 291E-61(a)(3).

Therefore, the July 20, 2012 Judgment entered by the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 16, 2014.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge